**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Francisco BARRON–LOPEZ, also known as Jose Hernandez, also known as Mario Ramon Lopez, Defendant–Appellant.**

No. 09–50848
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

June 22, 2010.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Jose Hernandez, M. Carolyn Fuentes, Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, STEWART, and OWEN, Circuit Judges.

PER CURIAM: *

Francisco Barron–Lopez appeals the 60–month within-guidelines sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that his sentence is unreasonable because the illegal reentry Guidelines double count a defendant's criminal record, resulting in a sentencing range that is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He also argues that this court should not afford his sentence a presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based. He contends that the district court failed to take into account that he reentered this country to work and that he was remorseful for his crime. He additionally contends that his sentence was greater than necessary to achieve the § 3553(a) goals of providing adequate deterrence, protecting the public, and providing him with educational or vocational training, medical care, or other correctional treatment.

Barron–Lopez concedes that his challenge to the presumption of reasonableness is foreclosed by our precedent. See United States v. Duarte, 569 F.3d 528, 529–31 (5th Cir.), cert. denied, —— U.S. ——, 130 S.Ct. 378, 175 L.Ed.2d 231 (2009); see also United States v. Mondra-gon–Santiago, 564 F.3d 357, 366–67 (5th Cir.), cert. denied, —— U.S. ——, 130 S.Ct. 192, 175 L.Ed.2d 120 (2009). We have also rejected the argument that using a prior conviction to increase the offense level and in calculating criminal history is impermissible double counting. See Duarte, 569 F.3d at 529–31; see also § 2L1.2, comment. (n.6).

Barron–Lopez has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence. See United States v. Campos–Maldonado, 531 F.3d 337, 338 (5th Cir.2008); United States v. Alonzo, 435 F.3d 551, 554–55 (5th Cir. 2006). Accordingly, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR R. 47.5.4.